09-3176-cr
U.S. v. Ortiz (Arias-Javier)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of September, two thousand ten.

PRESENT:   REENA RAGGI,
                  DEBRA ANN LIVINGSTON,
                              *Circuit Judges*,
                  JED S. RAKOFF,
                              *District Judge.**\*

-------------------------------------------------------------------
UNITED STATES OF AMERICA,
                              *Appellee*,

          v.                                                    No. 09-3176-cr

RUBEN ANTONIO ARIAS-JAVIER,
                              *Defendant-Appellant*,

RONY ORTIZ, RICARDO ORTIZ,
                              *Defendants*.*\*\*
-------------------------------------------------------------------
APPEARING FOR APPELLANT:        PETER  F.  LANGROCK,  Langrock Sperry &
                                                Wool, LLP, Middlebury, Vermont.

--------------------

\* District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of the Court is directed to amend the caption to read as shown above.

APPEARING FOR APPELLEE:	MICHAEL M. ROSENSAFT, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 16, 2009,[*] is AFFIRMED.

Defendant Ruben Antonio Arias-Javier, who stands convicted of conspiracy to distribute and possess with intent to distribute the controlled substance commonly known as "ecstasy," see 21 U.S.C. § 846, argues he was denied a fair trial because the government improperly vouched for the credibility of a cooperating witness when, in rebuttal summation, the prosecutor stated, "He told you the truth." Trial Tr. at 313. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

A defendant who seeks a new trial based on a prosecutor's remarks in summation bears "a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [his] right to a fair trial." United States v. Locascio, 6 F.3d 924, 945

---

[*] While of no consequence to any issue on appeal, we note that the district court's judgment of conviction appears to contain an error. While Arias-Javier was found guilty after a jury trial, the judgment of conviction indicates that he entered a plea of guilty. The parties are directed to notify the district court of the discrepancy so that it may enter a corrected judgment as warranted.

2

(2d Cir. 1993); accord United States v. Caracappa, --- F.3d ----, 2010 WL 2884970, at *7 (2d Cir. 2010). Such cases are "rare," United States v. Rodriguez, 968 F.2d 130, 142 (2d Cir. 1992) (internal quotation marks omitted), because even when a summation comment is improper, we must consider it "in the context of the entire trial" to determine if there was "substantial prejudice" warranting a new trial, United States v. Thomas, 377 F.3d 232, 244 (2d Cir. 2004) (internal quotation marks omitted). Relevant factors include "the severity of the [alleged] misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct." See United States v. Spinelli, 551 F.3d 159, 170 (2d Cir. 2008). Applying these principles, we conclude that Arias-Javier was not denied a fair trial.

The prosecution is permitted vigorously to argue for the jury to find its witnesses credible as long as it does not link its own credibility to that of the witness, see United States v. Rivera, 971 F.2d 876, 884 (2d Cir. 1992), or imply the existence of extraneous proof supporting the witness's credibility, see United States v. Bagaric, 706 F.2d 42, 61 (2d Cir. 1983). Neither occurred here.

The single challenged statement – "He told you the truth" – was made in response to a defense summation that forcefully attacked the witness's credibility and bluntly asserted: "He doesn't tell the truth." Trial Tr. at 301. We have repeatedly noted that "when the defense counsel have attacked . . . the credibility of the government [witnesses], the prosecutor is entitled to reply with rebutting language suitable to the occasion." See United States v. Praetorius, 622 F.2d 1054, 1060-61 (2d Cir. 1979) (internal quotation marks

3

omitted); accord United States v. Carr, 424 F.3d 213, 227 (2d Cir. 2005) (same); United States v. Rivera, 22 F.3d 430, 437-38 (2d Cir. 1994) (same). Reviewing courts, moreover, recognize that summations – particularly rebuttal summations – are not fully constructed in advance, but are frequently improvised, see Donnelly v. DeChristoforo, 416 U.S. 637, 646-47 (1974), and "inevitably charged with emotion," United States v. Wexler, 79 F.2d 526, 530 (2d Cir. 1935). Thus, while we will not excuse identified prosecutorial misconduct, neither will we lightly infer misconduct – such as vouching – from every remark pertaining to the credibility of prosecution witnesses. See generally Donnelly v. DeChristoforo, 416 U.S. at 646-47.

No such inference is warranted here because when the challenged remark is viewed in context, it is clearly not the prosecutor's profession of a personal belief but, rather, a conclusion that he urged the jury to draw from the totality of the evidence. See United States v. Perez, 144 F.3d 204, 210 (2d Cir. 1998) (observing that "what might superficially appear to be improper vouching for witness credibility may turn out on closer examination to be permissible reference to the evidence in the case"). Moments before making the challenged statement, the prosecutor urged the jury "carefully and thoughtfully [to] consider [the witness's] testimony," to "think back to his demeanor [and] to how he answered the questions," and to "[t]hink back to the little details he told you about." Trial Tr. at 313. A prosecutor is "entitled to argue forcefully and vigorously to the jury in support of [a] witness's credibility . . . based on evidence in the record." United States v. Spinelli, 551 F.3d

4

at 169. We further observe that in arguing witness credibility on rebuttal, the prosecutor referred the jury back to arguments he had made on this point in his main summation. There, he clearly acknowledged that "ultimately" it was the jury's "job to evaluate" the testimony of the cooperating witness. Trial Tr. at 293. Accordingly, we conclude that the challenged statement, viewed in context, did not constitute improper vouching.

Even if we were to hold otherwise, however, any error did not create such "substantial prejudice" as to warrant reversal. In this regard, we note that the district court granted defense counsel's contemporaneous objection and then instructed the jury, during its charge, that witness credibility was solely for it to decide and that "[a]ny opinion by counsel that a witness was or was not telling the truth is irrelevant and should be given . . . no weight." Trial Tr. at 320.

In urging otherwise, Arias-Javier argues that without the cooperator's testimony, the evidence of his guilt was not strong. The argument is misdirected for the reason stated by the government. The question is not whether this witness's testimony played a role in the jury's guilty verdict; it undoubtedly did. Rather, the question is whether, in the context of the entire trial, the government's challenged statement resulted in substantial prejudice denying Arias-Javier a fair trial. See United States v. Perez, 144 F.3d at 210. Because the statement – if error at all – was not severe, the district court's curative measures sufficed to ensure a fair trial. See United States v. Elias, 285 F.3d 183, 192 (2d Cir. 2002) (in absence

5

of immediate curative instruction, curative instruction in court's charge was sufficient where prosecutor's misconduct was not severe).

We have considered Arias-Javier's other arguments on appeal and conclude that they are without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court